# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 10, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * | | |
| KERMIT NELSON, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 23-1905V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Decision Based on Stipulation; Tetanus- |
| AND HUMAN SERVICES, | * | Diphtheria-Acellular Pertussis ("Tdap") |
| | * | Vaccine; Bilateral Optic Neuritis. |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * | | |

Wendy Cox, Siri & Glimstad LLP, Austin, TX, for Petitioner.
Ryan Pohlman Miller, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION BASED ON STIPULATION[1]

On October 27, 2023, Kermit Nelson ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine administered on August 2, 2022 significantly aggravated his bilateral optic neuritis. Amended Petition at Preamble (ECF No. 1).

On February 10, 2025, the parties filed a stipulation recommending an award of compensation to Petitioner. Stipulation (ECF No. 31). Respondent denies that Petitioner

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

suffered a significant aggravation of optic neuritis; denies that any vaccine caused Petitioner's alleged injury, or any other injury; and denies that Petitioner's current condition is a sequela of a vaccine-related injury. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

**(1) A lump sum of $60,000.00, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). Stipulation at ¶ 8.

The undersigned approves the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

<u>s/Nora B. Dorsey</u><br>
Nora B. Dorsey<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KERMIT NELSON,<br><br>            Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>            Respondent. | No. 23-1905V<br>Special Master Dorsey<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Kermit Nelson, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the tetanus, diptheria and acellular pertussis ("Tdap") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received the vaccine on or about August 2, 2022.

3. The vaccine was administered within the United States.

4. Petitioner alleges that he suffered bilateral optic neuritis, which was significantly aggravated as a result of the subject Tdap vaccine. He further alleges that he experienced the residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages arising out of the alleged vaccine injury.

- 1 -

6. Respondent denies that petitioner suffered a significant aggravation of optic neuritis; denies that any vaccine caused petitioner's alleged injury, or any other injury; and denies that petitioner's current condition is a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum payment of **$60,000.00**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in any proceeding upon this petition.

10. Petitioner and petitioner's attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis, and

represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g).

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in petitioner's individual capacity, and on behalf of petitioner's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, vaccination as alleged by petitioner in a petition for vaccine compensation filed on or about October 27, 2023, in the United States Court of Federal Claims as petition No. 23-1905V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that any vaccine caused petitioner's alleged injury or any other injury or petitioner's current condition, or that petitioner suffered an injury contained in the Vaccine Injury Table.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

Kermit H. Nelson, Jr.    **Signature:** *Kermit H. Nelson, Jr.*
                              Kermit H. Nelson, Jr. (Feb 4, 2025 13:09 EST)

_____
KERMIT NELSON           **Email:** knelson@pasco.k12.fl.us

**ATTORNEY OF RECORD FOR PETITIONER:**

*Wendy Cox*
_____
WENDY COX, ESQ.
Siri & Glimstad, LLP
1005 Congress Avenue
Suite 925-C36
Austin, Texas 78701
wcox@sirillp.com

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Jeffrey S. Beach -S
Digitally signed by Jeffrey S. Beach -S
Date: 2025.01.27 17:07:16 -05'00'      for
_____
CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*Heather L. Pearlman*
_____
HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR RESPONDENT:**

*Ryan P. Miller*
_____
RYAN P. MILLER
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-3027
ryan.miller2@usdoj.gov

Dated: 2/10/25

- 5 -